UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 06-155M |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| VANCE D. CASWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Offense charged:

    Escape

Date of Detention Hearing:   Initial Appearance April 7, 2006

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

    FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)   Defendant has been indicted in the District of Idaho on a charge of escape from a

DETENTION ORDER                                                                    15.13
18 U.S.C. § 3142(i)                                                            Rev. 1/91
PAGE 1

halfway house.

(2) Defendant was not interviewed by Pretrial Services. There is limited background information available. His criminal history includes robbery, kidnap 2nd degree and armed bank robbery. He is charged with absconding from a halfway house while on pre-release status with the Bureau of Prisons relating to the armed bank robbery charge. He is alleged to have inquired of the other halfway house inmates about how to purchase a firearm.

(3) Defendant does not contest detention.

(4) Defendant poses a risk of nonappearance due to current escape status. He is viewed as a risk of danger due to criminal history.

(5) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of

01       an appearance in connection with a court proceeding; and

02  (4)  The clerk shall direct copies of this Order to counsel for the United States, to

03       counsel for the defendant, to the United States Marshal, and to the United States

04       Pretrial Services Officer.

05  DATED this  7th  day of  April, 2006.

                                    _____
                                    Mary Alice Theiler
                                    United States Magistrate Judge